UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANG VANG,<br><br>              Petitioner,<br><br>     v.<br><br>WARDEN OF GOLDEN STATE ANNEX<br>DETENTION FACILITY, et al.,<br><br>              Respondents. | No.  1:26-cv-0892-DJC-CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Yang Vang is detained by Immigrations and Customs Enforcement ("ICE") and filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is referred to the undersigned by the court's order dated February 11, 2026, and by Local Rule 302(c)(17). See 28 U.S.C. § 636(b)(1). The pro se petition, respondent's answer, and petitioner's reply are before the court. (ECF Nos. 1, 9, 15.) For the following reasons, the undersigned recommends the petition be granted in part, and respondents be ordered to immediately release petitioner under previously imposed conditions of supervision.

**I.      Background**

Petitioner is a native and citizen of Thailand. (ECF No. 1 at 2.) Petitioner was admitted into the United States as a lawful permanent resident in 1996. (ECF No. 9 at 11.) While in the United States, petitioner sustained criminal convictions for various offenses including making criminal threats and corporal injury on a spouse, for which he was sentenced to a prison term.

1

(ECF No. 9 at 13-14; see also id. at 31-42.)

On October 16, 2013, petitioner was issued a final order of removal to Thailand with an alternative removal order to Laos. (ECF No. 9 at 27.) Petitioner did not appeal. (Id. at 28.) Petitioner alleges "since 2012 they have not been able to obtain travel documents." (Id. at 2.)

On January 9, 2014, petitioner received a "Decision to Release on Order of Supervision Conditions" and was released from ICE custody pending his removal. (See ECF No. 9 at 57.)

On or about July 13, 2025, petitioner was arrested for driving under the Influence of Alcohol (DUI). (ECF No. 9 at 41.)

On January 14, 2026, ICE issued a "Notice of Revocation of Release" stating petitioner's order of supervision was revoked. (ECF No. 9 at 49.) The Notice informed petitioner "your order of supervision has been revoked" and "[t]his decision has been made based on a review of your official alien file and a determination that there are changed circumstances in your case." (Id.)

DHS took petitioner back into custody on a "Warrant of Removal/Deportation" (Form I-205). (ECF No. 9 at 53-55.) A document indicates a deportation officer conduced an "informal interview" on January 14, 2026, "in order to afford [petitioner] an opportunity to respond to the reasons for revocation of his order of supervision stated in the letter." (Id. at 51.)

On February 2, 2026, petitioner filed the instant habeas petition bringing four grounds for relief presented as follows: (1) petitioner's detention is unlawful under the Due Process Clause and Zadvydas v. Davis, 533 U.S. 678, 683 (2001) because there is not a significant likelihood of removal in the reasonably foreseeable future; (2) violation of the Fifth Amendment, 8 U.S.C. § 1231, Convention Against Torture, Implementing Regulations, and the Administrative Procedure Act based on respondents' policy for third-country removals; (3) Punitive Third-Country Banishment: Violation of Fifth and Eighth Amendments, because respondents' third-country removal policy is punitive in nature; and (4) Violation of Due Process Clause, 8 C.F.R. § 241.13, and the Administrative Procedures Act because ICE failed to follow its own regulations in re-detaining petitioner. (ECF No. 1 at 13-18). Petitioner requests immediate release from custody and other relief, including an order that respondents not remove petitioner under their third-country removal program. (Id. at 19.)

2

Respondents answered the petition and oppose granting the petition. (ECF No. 9.) Respondents primarily argue the petition should be denied because petitioner is subject to a final order of removal and his custody has not exceeded 90 days. (Id. at 3-4.) Respondents assert there is a significant likelihood of petitioner's removal in the reasonably foreseeable future. (Id. at 4.) They cite Prieto-Romero v. Clark, 534 F.3d 1053, 1059 (9th Cir. 2008) and Zadvydas v. Davis, 533 U.S. 678, 683 (2001) as support for their position that petitioner is being lawfully detained pursuant to ICE's authority under 8 U.S.C. § 1231(a)(6). (See id. at 2 & 4.)

On February 11, 2026, the district judge assigned to this case found petitioner had not shown a likelihood of success on the merits sufficient to grant emergency relief and denied the request for emergency relief. (ECF No. 10.)

Petitioner filed a reply to respondents' opposition to the petition. (ECF No. 15.) Briefing is complete on the petition filed on February 2, 2026. (ECF Nos. 1, 9, 15.)[1]

## II.    Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

## III.    Discussion

At the outset, the record does not make clear the basis for petitioner's claims two and three, challenging respondent's third-country removal program. "Third-country removals involve

---

[1] Petitioner also filed a first amended petition, which seeks substantially the same relief the undersigned is recommending petitioner be granted. (See ECF No. 14 at 27-28.)

deportation to countries that are not identified in a final removal order and to which the non-citizen has no connection." Nguyen v. Charles, No. 1:25-CV-01592-TLN-CSK, 2025 WL 3492117, at *6 (E.D. Cal. Dec. 4, 2025) (citing 8 U.S.C. § 1231(b)(2)(E)(vii)). The pending petition appears to be a form petition and petitioner does not otherwise specifically indicate third country removal is at issue. To establish Article III standing, a party must allege an injury that is "concrete and particularized," "actual or imminent," and likely to be "redressed by a favorable" judicial decision. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992). Petitioner does not establish standing for his third-country removal claims. See Saqib v. Andrews, No. 1:25-CV-2035 DC CSK P, 2026 WL 350830, at *7 (E.D. Cal. Feb. 9, 2026), report and recommendation adopted, No. 1:25-CV-02035-DC-CSK (HC), 2026 WL 440566 (E.D. Cal. Feb. 17, 2026); but see also Nguyen v. Charles, 2025 WL 3492117, at *6 (finding the petitioner was likely to succeed on the merits of third-country removal claims because "ICE's third-country removal policy is unconstitutional").

The undersigned finds merit to petitioner's fourth claim, asserting the revocation of his release on supervision violated 8 C.F.R. § 241.13 and the requirements of the Due Process Clause of the Fifth Amendment. In light of this finding, the undersigned declines to address petitioner's first claim and the portion of petitioner's fourth claim asserting violation of the Administrative Procedures Act, which involve the same requested relief.

It is undisputed that petitioner is subject to a final order of removal, and 8 U.S.C. § 1231 governs his detention and removal. Under this statute, a noncitizen is subject to an initial 90-day removal period during which detention is mandatory. 8 U.S.C. § 1231(a). After this period expires, ICE has discretion to continue detaining the noncitizen or to release pending removal. 8 U.S.C. § 1231(a)(6). In Zadvydas v. Davis, 533 U.S. 678, 682 (2001), the Supreme Court held that while § 1231(a)(6) does not authorize the government to indefinitely detain a removable noncitizen, a detention period less than six months is presumptively reasonable. Id. at 701.

As set forth, respondents advance arguments why petitioner should not be released from detention on account of the length of his detention so far and their assertion that his deportation is reasonably foreseeable. Citing Zadvydas, they argue petitioner has the burden to show there is no

4

significant likelihood of removal in the reasonably foreseeable future. Zadvydas dealt with a noncitizen who had been detained and never released following a final order of removal. Zadvydas, 533 U.S. at 701. In that context, once a noncitizen has been detained for six months and "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with sufficient evidence to rebut that showing." Id.

Respondents do not, however, address petitioner's arguments in his fourth claim that the revocation of his supervised release violated 8 C.F.R. § 241.13 and the Due Process Clause of the Fifth Amendment. The undersigned finds merit to these arguments.

Petitioner was previously detained pursuant to 8 U.S.C. § 1231(a)(1) in connection with his October 16, 2013 final order of removal. ICE did not remove petitioner during the 90-day removal period, which has long since expired, and it is undisputed that petitioner was previously released on an order of supervision before being re-detained. Application of the burden-shifting framework from Zadvydas does not foreclose a challenge to his re-detention. See Nguyen v. Hyde, 788 F. Supp. 3d 144, 149 (D. Mass. 2025) ("This case is not about ICE's authority to detain in the first place upon an issuance of a final order of removal as in Zadvydas."); Yan-Ling X. v. Lyons, No. 1:25-CV-01412-KES-CDB (HC), 2025 WL 3123793, at *3 (E.D. Cal. Nov. 7, 2025) ("the burden-shifting framework from Zadvydas does not apply" because petitioner "was previously detained, then released on supervised release for several years, and his 90-day removal period expired").

Two DHS regulations, 8 C.F.R §§ 241.4(l) and 241.13(i), govern how and when the agency may revoke release on an order of supervision and re-detain a noncitizen such as petitioner. These protections were "promulgated to protect a fundamental right derived from the Constitution." Nguyen, 788 F. Supp. 3d at 152; see also Nguyen v. Charles, 2025 WL 3492117, at *2 (noting 8 C.F.R. §§ 241.13(i) and 241.4(l) "protect important due process rights owed to non-citizens").

A district judge of this court recently summarized 8 C.F.R. § 241.4 and 8 C.F.R. § 241.13 as relevant here:

"Supervised release and any revocation of such release thereafter is governed by either 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13." Bui v. Warden of the Otay Mesa Det. Facility, No. 25-cv-2111-JES-DEB, 2025 WL 2988356, at * 2 (S.D. Cal. Oct. 23, 2025). Section 241.4(l) states that release may be revoked when a noncitizen violates the conditions of release, the purposes of release have been served, it is appropriate to enforce a removal order, or it is indicated that release is no longer appropriate. Section 241.13(i) states that release may be revoked when the noncitizen has violated the conditions of release or there is a significant likelihood that the noncitizen may be removed in the reasonably foreseeable future. Both regulations require that the noncitizen be notified of the reasons for the revocation of his or her release and promptly afforded an informal interview to give him or her an opportunity to respond to the reasons for revocation. 8 C.F.R. §§ 241.4(l)(1), 241.13(i)(3). If a noncitizen remains detained, the regulations state that a second hearing is to be provided by the agency. 8 C.F.R. §§ 241.4(l)(3), 241.13(j) (within approximately three months or 6 months respectively). This framework provides "no opportunity to have a neutral party evaluate ICE's unilateral determination of the contested facts." Guillermo M.R. v. Kaiser, 791 F. Supp. 3d 1021, 1034 (N.D. Cal. July 17, 2025).

ICE has a duty to follow its own regulations and, if it fails to do so, the detention is likely a violation of due process. See Diaz v. Wofford, No. 1:25-cv-01079-JLT-EPG, 2025 WL 2581575, at *7–8 (E.D. Cal. Sept. 5, 2025) ("DHS's failure to follow its own procedural regulations may constitute a due process violation."); Constantinovici v. Bondi, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *5 (S.D. Cal. Oct. 10, 2025) ("Both 8 C.F.R. § 241.4 and 8 C.F.R. § 241.13 were intended to 'provide due process protections to [noncitizens] following the removal period as they are considered for ... possible revocation of release ...'") (quoting Santamaria Orellana v. Baker, No. 25-cv-1788-TDC, 2025 WL 2444087, at *6 (D. Md. Aug. 25, 2025); Bui, 2025 WL 2988356, at *3 (recognizing that respondent's failure to follow their own regulations may be a due process violation).

Sections 241.4(l) and 241.13(i) "indicate that, when ICE revokes release to effectuate removal, 'it is [ICE's] burden to show a significant likelihood that the alien may be removed.'" Yan-Ling X. v. Lyons, No. 1:25-cv-01412-KES-CDB (HC), 2025 WL 3123793, at *4 (E.D. Cal. Nov. 7, 2025) (quoting Escalante v. Noem, No. 9:25-cv-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)). When ICE claims it has determined changed circumstances, the court should review that claim in light of the factors set out in the regulations. See Hoac v. Becerra, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025) (reviewing ICE's changed circumstances determination regarding the foreseeability of removal in light of the factors in § 241.13(f)).

Uzzhina v. Chestnut, No. 1:25-CV-01594-DAD-SCR, 2025 WL 3458787, at *3-4 (E.D. Cal. Dec. 2, 2025) (footnote omitted).

6

Based on the submitted record, the undersigned concludes the government did not follow its own procedures when it revoked petitioner's supervised release. The Notice of Revocation of Release dated January 14, 2026 states petitioner's release was revoked due to "changed circumstances in your case." (ECF No. 9 at 49.) And specifically,

> ICE has determined that you can be expeditiously removed from the United States pursuant to the outstanding order of removal against you. On October 16, 2013, you were ordered removed to Thailand or Laos by an Immigration Judge, and therefore, you are subject to an administrative final order of removal. On January 14, 2014, you were released on Order of Supervision pending removal. You will be held in ICE ERO custody, as there is significant likelihood of removal in the reasonable future.

(Id.)

The only changed circumstance identified in the Notice of Revocation of Release is that DHS determined petitioner could be expeditiously removed. (See ECF No. 9 at 49.) Respondents also submitted the declaration of an ICE deportation officer who states "[a] travel document has been requested and the request remains pending." (Id. at 9.)

First, the government was required to have a sufficient showing that petitioner's removal was significantly likely in the foreseeable future based on changed circumstances before it revoked his release. 8 C.F.R. § 241.13(i)(2); see Tran v. Noem, No. 25-cv-2391, 2025 WL 3005347, at *2 (S.D. Cal. Oct. 27, 2025) (stating "§ 241.13(i)(2) requires that this determination is made before the removable [noncitizen] has had his release revoked"); Nguyen, 2025 WL 3492117, at *3 ("The 'on account of' language means that the 'changed circumstances' are a prerequisite to revocation.") (citing 8 C.F.R. § 241.13(i)(2)). Here, the government does not indicate when travel documents were requested for petitioner or provide any details about the request. The court could reasonably infer travel documents were requested after petitioner was re-detained.

Second, respondents fail to address why travel documents were not previously obtained years ago. See Saqib v. Andrews, 2026 WL 350830, at *4 (finding a lack of evidence of significant likelihood the petitioner would be accepted by Pakistan in the reasonably foreseeable future where respondents did not explain "whether removals to Pakistan are common, …what

7

considerations the Government of Pakistan might take into account when deciding whether to issue a travel document, [or] …whether the Government of Pakistan will look favorably on petitioner's case"). Respondents also do not indicate whether travel documents were requested from Thailand or Laos as an alternate removal, and do not explain why either Thailand or Laos is likely to issue a travel document for petitioner in the reasonably foreseeable future. See Bagat v. Andrews, No. 1:26-CV-00346-DJC-AC, 2026 WL 252240, at *2 (E.D. Cal. Jan. 30, 2026) (finding statement "DHS is currently pursuing travel documents for Petitioner" did not meet burden to show any of the factors under 8 C.F.R. § 241.13(f) weighed in favor of finding a change in circumstances); Nguyen v. Charles, 2025 WL 3492117, at *4 (finding requests for travel documents, alone, insufficient to show a significant likelihood of removal under 8 C.F.R. § 241.13(i)(2)).

Like the petitioner in Saqib v. Andrews, 2026 WL 350830, petitioner's order of removal was final many years ago. Respondents "do not explain why ICE has been unable to remove petitioner for [more than a decade]." Id. at *4. "An undue delay in removal for an individual [noncitizen] beyond the typical removal period would naturally suggest that removal is unlikely." Id. (quoting Chun Yat Ma v. Asher, 2012 WL 1432229, at *5 (W.D. Wash. Apr. 25, 2012)).

The undersigned finds respondents violated their own regulation, 8 C.F.R. § 241.13, because there is no indication of a change in circumstances justifying petitioner's re-detention at the time of his revocation of release. Petitioner's detention likely violates due process. See Uzzhina v. Chestnut, 2025 WL 3458787, at *4 ("ICE has a duty to follow its own regulations and, if it fails to do so, the detention is likely a violation of due process.").

The undersigned considers petitioner's due process claim in two steps: asking, first, whether there exists a protected liberty interest under the Due Process Clause, and examining, second, the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989).

Petitioner has a liberty interest protected under the Due Process Clause. Courts find in related contexts that "even when ICE has the initial discretion to detain or release a noncitizen

8

pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025); see also Doe v. Becerra, et al., 787 F. Supp.3d 1083, 1093 (E.D. Cal. Mar. 3, 2025) ("individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty"). When the government grants a noncitizen supervised release, it creates a protected liberty interest subject to due process clause protection. Saqib v. Andrews, 2026 WL 350830, at *6.

Necessary due process protections include at least notice and an opportunity to be heard regarding the revocation. See Mathews v. Eldridge, 424 U.S. 319, 348 (1976) ("The essence of due process is the requirement that 'a person in jeopardy of a serious loss [be given] notice of the case against him and the opportunity to meet it."). "Constitutionally inadequate notice also often leads to constitutionally inadequate opportunity to be heard, because opportunity to be heard must be meaningful to be constitutionally sufficient." Saqib v. Andrews, 2026 WL 350830, at *6. The government has an interest in enforcing immigration laws, but the government's interest is low in re-detaining petitioner without adequate notice and opportunity to challenge the revocation of his release. See id. (citing Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. 2019) and Doe v. Becerra, 787 F. Supp. 3d at 1094). "That the Government may believe it has a valid reason to detain petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process." Saqib v. Andrews, 2026 WL 350830, at *6 (quoting E.A. T.-B. v. Wamsley, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025).

The undersigned notes respondents have put forth evidence that petitioner has sustained arrests and criminal convictions while living in the United States as reflected in the rap sheet they provided (ECF No. 9 at 31-42), among other evidence. As respondents assert, the rap sheet indicates petitioner was arrested for DUI in 2025. (Id. at 41.) Respondents do not, however, contend petitioner's supervision was revoked based on any criminal conviction or any DUI arrest.

Even if respondents advanced petitioner's criminal history or arrest as a basis for his re-detention, petitioner was not given notice that any such circumstances were a basis for revocation. "When revoking petitioner's release pursuant to § 241.13(i)(2) based on changed circumstances,

9

the petitioner 'must be told *what* circumstances had changed or *why* there was now a significant likelihood of removal in order to meaningfully respond to the reasons and submit evidence in opposition, as allowed under § 241.13(i)(3).'" Saqib v. Andrews, 2026 WL 350830, at *5 (quoting Sarail A. v. Bondi, 803 F. Supp. 3d 775, 783-84 (D. Minn. 2025)). As set forth above, the only changed circumstance identified in the notice provided to petitioner was the unexplained and unsupported ICE determination that petitioner could be expeditiously removed. (ECF No. 9 at 49.) Evidence of criminal history and a DUI arrest in 2025 does not make petitioner's re-detention lawful. See Saqib v. Andrews, 2026 WL 350830, at *6; Bandith v. Noem, et al., No. 1:26-CV-01003-KES-SKO (HC), 2026 WL 657728, at *1 (E.D. Cal. Mar. 9, 2026) (ordering release of petitioner with felony convictions because the government "failed to comply with section 241.13(i)").

The government may revoke petitioner's supervision and remove petitioner, but it must do so lawfully, following the requirements of the Constitution and its own regulations. Because ICE did not follow its own regulations when making the determination to revoke petitioner's supervised release, the undersigned finds petitioner's re-detention violated due process and his release should be ordered. See Nguyen v. Andrews, No. 1:26-CV-00015 DAD SCR, 2026 WL 263058, at *5 (E.D. Cal. Feb. 2, 2026), report and recommendation adopted, No. 1:26-CV-00015-DAD-SCR, 2026 WL 412183 (E.D. Cal. Feb. 13, 2026) (concluding the petitioner's re-detention violated due process because there was no change in circumstances justifying re-detention at the time of his revocation of release); Saqib v. Andrews, 2026 WL 350830, at *5 (same).

**IV.    Recommendation**

In accordance with the above, IT IS RECOMMENDED as follows:

1. Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) be granted in part.

2. Respondents be ordered to immediately release petitioner under the previously imposed conditions of supervision.

3. Respondents be ordered to not seek to revoke petitioner's supervision without complying with the procedures set forth in 8 C.F.R. § 241.13.

10

4. The Clerk of Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 12, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 vang0892.mer